IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **RODRICK BRAYBOY,**<br><br>Petitioner,<br><br>*v.*<br><br>**S.C.I. MAHANOY, et al.,**<br><br>Respondents. | **CIVIL ACTION**<br><br>**NO. 23-2475-KSM** |

**MEMORANDUM**

**MARSTON, J.**                                                                                           **February 20, 2025**

      Pro se petitioner Rodrick Brayboy, who is currently incarcerated at State Correctional Institution – Mahanoy, petitions this Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (*See* Doc. Nos. 1, 23, 26.) The Court referred Brayboy's petition to United States Magistrate Judge Lynne A. Sitarski for a Report and Recommendation ("R&R"). (Doc. No. 6.) Brayboy subsequently filed a Motion for Summary Judgment (Doc. No. 16), a Motion to Amend Findings (Doc. No. 19), and a Motion for Judgment of Acquittal (Doc. No. 20). On September 19, 2024, Judge Sitarski entered an R&R recommending that the Court dismiss with prejudice Brayboy's petition and motions for summary judgment, for acquittal, and to amend findings. (Doc. No. 79.) Brayboy filed objections to the R&R. (Doc. No. 83.) He subsequently filed a Request for Default Judgment as to his habeas petition and motion for summary judgment (Doc. No. 89) and a Motion for Relief from the R&R Pursuant to Federal Rule of Civil Procedure 60(b) (Doc. No. 93).

      For the following reasons, Brayboy's objections are overruled, the Court adopts the R&R, subject to the modifications as explained below, and denies Brayboy's petition. The Court

also denies Brayboy's motions for summary judgment, for acquittal, to amend findings, and for relief from the R&R, and his request for default judgment.

I.     **FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

   A.     **Delaware County Court of Common Pleas Proceedings**

On November 22, 2018, following a motor vehicle accident, Brayboy was arrested in Delaware County, Pennsylvania, for driving under the influence of alcohol; firearms not to be carried without a license; persons not to possess a firearm; reckless driving; careless driving; failing to drive on the right side of the road; and public drunkenness. *See Commonwealth v. Brayboy*, CP-23-CR-0001302-2019, Criminal Docket (Del. Cnty. Ct. Com. Pl.), at 3–4 ("Trial Docket").[1] On March 27, 2019, the Delaware County District Attorney's Office filed an Information on those charges, which formally initiated criminal proceedings against Brayboy in the Delaware County Court of Common Pleas. *See id.* at 4–5. Though originally represented by court-appointed counsel, on June 26, 2020, Brayboy decided to proceed pro se with standby counsel. *See id.* at 22. (*See* Doc. No. 53-15 at 1.)

Following a two-day jury trial on September 28 and 29, 2021, Brayboy was convicted of driving under the influence of alcohol – accident involving bodily harm and accident result in damage to a vehicle, firearms not to be carried without a license, and persons not to possess a firearm. *See* Trial Docket at 5–6. (*See* Doc. No. 53-15 at 2.) Brayboy was sentenced to 60 to 120 months of imprisonment followed by two years of consecutive probation. (*See* Doc. No. 52-37 at 1.)

---

[1] The Court takes judicial notice of Brayboy's state trial court docket, available at https://ujsportal.pacourts.us/Report/CpDocketSheet?docketNumber=CP-23-CR-0001302-2019&dnh=CgKhNXk%2FW3zfJcUVObvRdA%3D%3D (last visited Feb. 20, 2025).

B.  **Pennsylvania Superior Court Proceedings**

Continuing pro se, Brayboy timely appealed his conviction and sentence to the Superior Court of Pennsylvania.  *See Commonwealth v. Brayboy*, 98 EDA 2022, Appeal Docket (Pa. Super. Ct.), at 2 ("Appeal Docket").[2]  (*See* Doc. Nos. 52-50, 53-6.)  Between August 2022 and March 2023, the Superior Court granted five requests from Brayboy for an extension of time to file his appellate brief.  *See* Appeal Docket at 2–4.  In its last order granting Brayboy's fifth extension request, the Superior Court warned that "[n]o further extensions of time to file Appellant's brief will be granted and this appeal shall be subject to immediate dismissal by this Court, without further notice to the parties, if Appellant's brief is not filed by the newly established due date"—within 30 days of the date of the order, March 3, 2023.  *See* Appeal Docket at 4.  (*See* Doc. No. 53-36.)  Meanwhile, Brayboy filed several motions in the Superior Court, including multiple motions "for nunc pro tunc," to remand, and for a new trial, all of which the Superior Court denied without prejudice to Brayboy's right to raise those issues in his appellate brief.  *See* Appeal Docket at 3–5.

Ultimately, Brayboy never filed an appellate brief, and on June 14, 2023, the Superior Court issued an order dismissing his appeal.  (Doc. No. 53-36.)  Brayboy subsequently filed a "motion for writ of mandamus," requesting that "this case and appeal be dismissed for lack of jurisdiction."  (Doc. No. 53-30.)  The Superior Court dismissed this motion "as moot, in light of the fact that the appeal was already dismissed."  *See* Appeal Docket at 5.

---

[2] The Court takes judicial notice of Brayboy's state appellate court docket, available at https://ujsportal.pacourts.us/Report/PacDocketSheet?docketNumber=98%20EDA%202022&dnh=aQd4TftV7nqccl9qXyYKxQ%3D%3D (last visited Feb. 20, 2025).  Brayboy also filed an appeal docketed at No. 2214 EDA 2021, which was dismissed as duplicative of the appeal docketed at No. 98 EDA 2022.  *See Commonwealth v. Brayboy*, 2214 EDA 2021, Appeal Docket (Pa. Super. Ct.), available at https://ujsportal.pacourts.us/Report/PacDocketSheet?docketNumber=2214%20EDA%202021&dnh=AeefogUcbV8NBV4sqFjnAA%3D%3D (last visited Feb. 20, 2025); (*see also* Doc. No. 53-13).

### C. Habeas Proceedings

On June 18, 2023, Brayboy filed a pro se habeas petition in this case.[3] (Doc. No. 1.) His initial petition raises three grounds for habeas relief: (1) the evidence was insufficient to substantiate his convictions; (2) standby counsel was ineffective for "deceiv[ing]" Brayboy "as to the requirement of [72 Pa. C.S. § 3802] that lacked a 'blood alcohol concentration test,' which is required"; and (3) the state court lacked jurisdiction over Brayboy's case. (*See id.* at 5.) The Commonwealth opposes the petition, which it characterizes as raising just one claim as to insufficiency, arguing that this claim is not exhausted and procedurally defaulted, and thus provides no basis for habeas relief. (*See* Doc. No. 36.) Brayboy then filed a motion for summary judgment on October 15, 2023 (Doc. No. 16), followed by a motion for judgment of acquittal on October 30, 2023 (Doc. No. 20), and a motion to amend findings on November 1, 2023 (Doc. No. 19), to which the Commonwealth did not respond.

On November 19, 2023, Brayboy filed identical amended habeas petitions, raising two additional grounds for habeas relief: (1) Judge Sitarski caused undue delay by granting the Commonwealth an extension to respond to Brayboy's initial habeas petition and failing to timely rule on his motions for summary judgment and judgment of acquittal, and (2) the jury that convicted Brayboy was biased because it included a relative of the police officer who arrested Brayboy. (*See* Doc. Nos. 23, 26.) The Commonwealth also opposes this amended petition, arguing that it raises claims that are untimely, not exhausted, and procedurally defaulted, and thus provides no basis for relief. (*See* Doc. No. 64.)

---

[3] Pennsylvania and federal courts employ the prisoner mailbox rule, pursuant to which a pro se petition is deemed filed when it is given to prison officials for mailing. *See Perry v. Diguglielmo*, 169 F. App'x 134, 136 n.3 (3d Cir. 2006) (citing *Commonwealth v. Little*, 716 A.2d 1287, 1288–89 (Pa. Super. Ct. 1998)); *Burns v. Morton*, 134 F.3d 109, 113 (3d Cir. 1998); *Commonwealth v. Castro*, 766 A.2d 1283, 1287 (Pa. Super. Ct. 2001).

On September 19, 2024, Judge Sitarski entered an R&R, recommending dismissal of Brayboy's petition with prejudice because all of Brayboy's claims are unexhausted and procedurally defaulted, and the claim asserted in his amended petition as to undue delay caused by Judge Sitarski is also untimely.[4]  (Doc. No. 79 at 8–10.)  Judge Sitarski further recommended dismissal of Brayboy's motions for summary judgment, for acquittal, and to amend findings with prejudice because Brayboy's "underlying claims are all procedurally defaulted," and Brayboy "cannot sidestep his procedural default simply by filing motions to undo his conviction in a habeas matter that is unreviewable on the merits."  (*Id.* at 9–10.)  Brayboy filed objections to the R&R on September 29, 2024.  (Doc. No. 83.)  On January 13, 2025, Brayboy filed a request for default judgment as to his habeas petition and motion for summary judgment.  (Doc. No. 89.)  On February 6, 2025, Brayboy filed a motion for relief from the R&R pursuant to Federal Rule of Civil Procedure 60(b).  (Doc. No. 93.)

## II.     LEGAL STANDARD

"In the Eastern District of Pennsylvania, Local Rule 72.1.IV(b) governs a petitioner's objections to a magistrate judge's report and recommendation."  *Piasecki v. Ct. of Common Pleas*, No. 14-cv-7004, 2021 WL 1105338, at *3 (E.D. Pa. Mar. 23, 2021).  Under Local Rule 72.1.IV(b), a petitioner must "specifically identify the portions of the proposed findings, recommendations, or report to which objection is made and the basis for such objections."  *Id.* (quoting *Savior v. Superintendent of Huntingdon SCI*, No. 11-cv-5639, 2012 WL 4206566, at *1 (E.D. Pa. Sept. 20, 2012)).

---

[4] In the R&R, Judge Sitarski characterized Brayboy's claims for habeas relief as a claim that the evidence was insufficient to substantiate his convictions (raised in Brayboy's initial petition) and a claim that Judge Sitarski violated Brayboy's due process rights by granting the Commonwealth an extension to respond to his petition and failing to timely rule on his motions for summary judgment and judgment of acquittal (raised in Brayboy's amended petition).  (*See* Doc. No. 79 at 2.)

When a party objects to a magistrate judge's findings, the district court must make "a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *United States v. Raddatz*, 447 U.S. 667, 673 (1980). "Ultimate adjudicatory power" resides with the district court "after receiving assistance from and the recommendation of the magistrate." *Raddatz*, 447 U.S. at 692. And after reviewing the magistrate judge's conclusions, the district court may "accept, reject, or modify, in whole or in part, the findings or recommendations" and "receive further evidence, or recommit the matter to the magistrate with instructions." 28 U.S.C. § 636(b)(1); *Raddatz*, 447 U.S. at 673–74. But "[o]bjections [that] merely rehash an argument presented to and considered by a magistrate judge are not entitled to *de novo* review." *Gray v. Delbiaso*, No. 14-cv-4902, 2017 WL 2834361, at *4 (E.D. Pa. June 30, 2017); *see also Prout v. Giroux*, No. 14-cv-3816, 2016 WL 1720414, at *11 (E.D. Pa. Apr. 29, 2016) ("Where objections do not respond to the Magistrate's recommendation, but rather restate conclusory statements from the original petition, the objections should be overruled.").

### III. DISCUSSION

The Court first addresses Brayboy's objections to Judge Sitarki's recommendations before turning to Brayboy's claims for relief and recently filed request for default judgment and motion for relief from the R&R, which were not addressed in either Judge Sitarki's recommendations or Brayboy's objections thereto.

#### A. Judge Sitarski's Findings and Conclusions

As stated above, Judge Sitarski recommends dismissal of Brayboy's petition because each ground for relief is unexhausted, procedurally defaulted, and/or untimely. The Court discusses the standards governing these concepts in turn before addressing the substance of Brayboy's objections to Judge Sitarski's recommendations.

1. **Legal Standards**

    a. **Exhaustion of State Court Remedies**

A petitioner for a writ of habeas corpus must exhaust his remedies at the state level before he can present his claims in federal court. 28 U.S.C. § 2254(b)(1)(A). If "he has the right under the law of the State to raise, by any available procedure, the question presented," then the petitioner has not exhausted his state court remedies. 28 U.S.C. § 2254(c). The exhaustion requirement "ensures that the same method of legal analysis that is used by the federal court in resolving the petitioner's claim was also readily available to the state court when it adjudicated the claim." *Landano v. Rafferty*, 897 F.2d 661, 669 (3d Cir. 1990). Federal courts must rigorously enforce this requirement out of respect for the principles of comity and federalism. *Rose v. Lundy*, 455 U.S. 509, 510 (1982); *see also Engle v. Isaac*, 456 U.S. 107, 128 (1982) ("The States . . . hold the initial responsibility for vindicating constitutional rights. Federal intrusions into state criminal trials frustrate both the States' sovereign power and their good-faith attempts to honor constitutional law.").

The petitioner bears the burden of demonstrating each of his claims has been exhausted. *Rose*, 455 U.S. at 515. Satisfying this burden involves establishing that the federal claims were "fairly presented" to the state courts. *Picard v. Connor*, 404 U.S. 270, 275 (1971). To establish fair presentation, "it is not enough that the petitioner present[ed] to the state court the facts upon which a federal claim is based." *Brown v. Cuyler*, 669 F.2d 155, 158 (3d Cir. 1982) (per curiam). Rather, the petitioner must have "provide[d] the state courts with both the same legal theory and the same factual predicate underlying the constitutional argument." *Landano*, 897 F.2d at 669. If the state courts have not been given "one full opportunity" to address the claim being pursued in the federal habeas proceeding, then the claim was not fairly presented. *Rose*, 455 U.S. at 515. In such an instance, the claim is considered unexhausted and must be dismissed

so that the state court can consider it in the first instance. *Id.*

### b. Procedural Default

Where a petitioner's claim is unexhausted, but state procedural rules would bar him from obtaining relief in the state courts, the claim is considered procedurally defaulted. *Keller v. Larkins*, 251 F.3d 408, 413 (3d Cir. 2001).

Procedural default also occurs if the claim was exhausted, and the state court ruling was based on an independent and adequate state rule. *Gray v. Netherland*, 518 U.S. 152, 162 (1996). An independent state-law ground is one that is not "interwoven with the federal law." *Coleman v. Thompson*, 501 U.S. 722, 735 (1991). It could be "a substantive rule dispositive of the case, or a procedural barrier to adjudication of the claim on the merits." *Walker v. Martin*, 562 U.S. 307, 315 (2011). Meanwhile, an adequate state rule is one that is "firmly established and regularly followed." *Beard v. Kindler*, 558 U.S. 53, 60 (2009). To be "firmly established," the state rule must clearly warn the defendant of the rule and its consequences; and to be "regularly followed," the state rule must be one that is consistently cited in similar cases or used in other federal and state habeas courts across the country. *Johnson v. Lee*, 578 U.S. 605, 608–09 (2016). An adequate state rule can exist even if it does not apply in every habeas case. *See Beard*, 558 U.S. at 60–61 (noting that "the appropriate exercise of discretion may permit consideration of a federal claim in some cases but not others"). If the decision of the highest state court to which the petitioner presented his federal claims was not based "primarily on . . . [or] interwoven with federal law," then there was an independent and adequate state rule to support the judgment, and the claim is considered procedurally defaulted. *Coleman*, 501 U.S. at 735.

Federal courts cannot consider procedurally defaulted claims unless the petitioner can show "cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of

justice." *Id.* at 750. Cause for procedural default exists when "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 488 (1986). And actual prejudice exists where the cause for default "worked to [the petitioner's] actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *United States v. Frady*, 456 U.S. 152, 170 (1982) (emphasis omitted).

In addition to cause and prejudice, a petitioner may overcome a procedural default by showing a fundamental miscarriage of justice would result if habeas review were denied. A fundamental miscarriage of justice is proven when a petitioner shows that he is "innocent of the charge for which he was incarcerated." *Kuhlmann v. Wilson*, 477 U.S. 436, 452 (1986). The Supreme Court has "consistently reaffirmed the existence and importance of [this] exception" for allowing review of a procedurally defaulted claim and thus the potential correction of a procedural injustice. *Schlup v. Delo*, 513 U.S. 298, 321 (1995). That said, the Court has limited application of this exception to extraordinary circumstances and has not extended it to cases where petitioner's "guilt is conceded or plain." *Kuhlmann*, 477 U.S. at 452.

   **c.**  **Statute of Limitations**

Brayboy's petition is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2241. AEDPA imposes a one-year limitation period on the filing of new habeas petitions pursuant to 28 U.S.C. § 2254, which runs from the latest of the following four dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such

9

>    State action;
>
>    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.* § 2244(d)(1). "AEDPA's 1-year limitations period 'quite plainly serves the well-recognized interest in the finality of state court judgments.' It 'reduces the potential for delay on the road to finality by restricting the time that a prospective federal habeas petitioner has in which to seek federal habeas review.'" *Rhines v. Weber*, 544 U.S. 269, 276 (2005) (quoting *Woodford v. Garceau*, 538 U.S. 202, 206 (2003)).

AEDPA creates a tolling exception to this one-year limitation period, which states that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). "[A]n application is '*properly* filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). The Court "look[s] to state law governing when a petition for collateral relief is properly filed." *Merritt v. Blaine*, 326 F.3d 157, 165 (3d Cir. 2003) (quoting *Fahy v. Horn*, 240 F.3d 239, 243–44 (3d Cir. 2001)).

AEDPA's one-year limitation period is also subject to equitable tolling. *Holland v. Florida*, 560 U.S. 631, 634 (2010). "Equitable tolling is available 'only when the principle of equity would make the rigid application of a limitation period unfair.'" *Satterfield v. Johnson*, 434 F.3d 185, 195 (3d Cir. 2006) (quoting *Merritt*, 326 F.3d at 168). A petitioner seeking equitable tolling must show that "he has been pursuing his rights diligently" and that "'some

extraordinary circumstances stood in his way' and prevented timely filing." *Holland*, 560 U.S. at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005) (emphasis omitted)). "The diligence required for equitable tolling purposes is reasonable diligence, not maximum feasible diligence." *Id.* at 653 (internal quotations and citations omitted); *see Schlueter v. Varner*, 384 F.3d 69, 74 (3d Cir. 2004) ("Due diligence does not require the maximum feasible diligence, but it does require reasonable diligence in the circumstances." (internal quotation omitted)). "The fact that a petitioner is proceeding pro se does not insulate him from the 'reasonable diligence' inquiry and his lack of legal knowledge or legal training does not alone justify equitable tolling." *Ross v. Varano*, 712 F.3d 784, 799–800 (3d Cir. 2013). Equitable tolling may be appropriate under the following circumstances: "(1) [if] the defendant has actively misled the plaintiff; (2) if the plaintiff has in some extraordinary way been prevented from asserting his rights; or (3) if the plaintiff has timely asserted his rights mistakenly in the wrong forum." *Satterfield*, 434 F.3d at 195 (quoting *Fahy*, 240 F.3d at 244).

### 2.       Analysis

With these legal standards in mind, the Court proceeds with its evaluation of the six discrete bases for Brayboy's objections below.

#### a.       Objection 1

Brayboy asserts that Judge Sitarski failed to adhere to the 120-day timeframe set forth in 28 U.S.C. § 2266(b)(1)(B) for the parties "to complete all actions, including the preparation of all pleadings and briefs, and if necessary, a hearing, prior to the submission of the case for decision." (Doc. No. 83 at 1.) This failure, Brayboy argues, violates his procedural due process rights and obstructs justice, and thus precludes Judge Sitarski's jurisdiction over Brayboy's habeas petition. (*Id.*) Section 2266 applies only to "cases arising under section 2254 brought by prisoners in State custody who are subject to a capital sentence." 28 U.S.C. § 2261(a). Brayboy

does not fall into that category and, as such, 28 U.S.C. § 2266(b)(1)(B) does not apply to Brayboy's habeas petition. Accordingly, this objection is overruled.

### b. Objections 2 and 3

Brayboy objects to Judge Sitarski's conclusion that his claims are unexhausted. (Doc. No. 83 at 1–2.) Brayboy argues that he raised lack of jurisdiction both before the Superior Court, in a "Motion for Want or Lack of Subject Matter Jurisdiction" that was denied, and as a ground for relief in his instant habeas petition. (*Id.* at 1.) Brayboy contends that this motion "should be sufficient" for purposes of exhaustion of all of his claims for habeas relief, given that "it was the only appropriate motion to file at the time, after discovering there was no subject matter jurisdiction during direct appeal." (*Id.* at 2.)

Because Judge Sitarski does not address Brayboy's claim for relief raised in his initial habeas petition based on the state court's lack of jurisdiction over his case, the Court does so here. This claim was never properly before the state court. It is not clear which motion Brayboy is referring to as a "Motion for Want or Lack of Subject Matter Jurisdiction" in his objections. But the Court notes that Brayboy's "motion for writ of mandamus," in which he requested that "this case and appeal be dismissed for lack of jurisdiction," was filed in the Superior Court on June 23, 2023—*after* the Superior Court had already dismissed Brayboy's appeal due to Brayboy's failure to file an appellant brief, and the Superior Court promptly denied the motion as moot based on its prior dismissal of Brayboy's appeal. (Doc. No. 53-50.) *See* Appeal Docket at 5. And to the extent that Brayboy is referencing any of the motions he filed "for nunc pro tunc," to remand, or for a new trial, the Court notes that the Superior Court denied all of these without prejudice and directed Brayboy to raise the issues in those motions in his appellate brief, which Brayboy never filed, despite receiving five filing extensions from the Superior Court. *See* Appeal Docket at 3–5. Because Brayboy's jurisdictional claim was never properly before the

Superior Court on direct or collateral review, the claim was never "fairly presented" to the state court and, therefore, is not exhausted. *See Landano*, 897 F.3d at 668–69.

This claim is also procedurally defaulted as Brayboy is time-barred from raising this claim in a petition for collateral relief under the Pennsylvania Post Conviction Relief Act ("PCRA"). *See McCandless v. Vaughn*, 172 F.3d 255, 260 (3d Cir. 1999) ("When a claim is not exhausted because it has not been 'fairly presented' to the state courts, but state procedural rules bar the applicant from seeking further relief in state courts . . . applicants are considered to have procedurally defaulted their claims."). The PCRA imposes a one-year limitation period on the filing of any such petitions running from the date the judgment becomes final, which, in this case, was July 14, 2023—30 days after the Superior Court issued an order dismissing Brayboy's appeal.[5] *See* 42 Pa. Cons. Stat. § 9545(b)(1), (3); Pa. R. App. P. 1112(c)(1); Pa. R. App. P. 1113(a); *Keller*, 251 F.3d at 413 (holding that petitioner's federal due process claim is procedurally defaulted and thus foreclosed from habeas review because the claim was not fairly presented in state court and the statute of limitations for filing another PCRA petition has expired). And Brayboy has not alleged any good cause for and actual prejudice arising from his failure to raise this claim in state court, or any miscarriage of justice that could potentially excuse the procedural default. *See Coleman*, 501 U.S. at 750.

Even if Brayboy had fairly presented his claim that the state court lacked jurisdiction at the state court level, this would not satisfy the exhaustion requirement as to any of Brayboy's

---

[5] Judge Sitarski refers to this date as "30 days after the Pennsylvania Supreme Court denied his petition for allowance of appeal" (Doc. No. 79 at 8), but the Appeal Docket does not indicate that Brayboy filed any such petition. In any event, pursuant to Pennsylvania Rules of Appellate Procedure 1112 and 1113, Brayboy had 30 days within the Superior Court's entry of its order dismissing Brayboy's appeal on June 14, 2023 to petition the Supreme Court for allowance of appeal from that order. *See* Pa. R. App. P. 1112(c)(1); Pa. R. App. P. 1113(a). Brayboy did not file a petition for allowance of appeal, which rendered his judgment final for purposes of the PCRA's statute of limitations on July 14, 2023. *See* 42 Pa. Cons. Stat. § 9545(b)(3).

13

other claims for relief raised in his habeas petition. *See Landano*, 897 F.2d at 669 ("[T]he habeas petitioner must exhaust his state remedies as to *each* of his federal claims." (emphasis added)). Accordingly, the Court overrules Brayboy's objections to Judge Sitarski's conclusion that his claims are unexhausted.

### c.     Objection 4

Brayboy argues that Judge Sitarski misconstrued his claim for habeas relief based on the state court's lack of jurisdiction as a claim based on insufficient evidence to substantiate his convictions. (Doc. No. 83 at 2.) However, in his initial habeas petition, Brayboy listed the following as a ground for relief: "The prosecution failed to provide any evidence that would substantiate any of the above charges" (referring to the earlier-listed crimes for which he was convicted and sentenced). (Doc. No. 1 at 5.) Judge Sitarski thus accurately characterized and appropriately addressed this claim in her R&R, and the Court has already addressed Brayboy's claim for relief based on lack of jurisdiction, concluding that it is unexhausted and procedurally defaulted. Accordingly, this objection is overruled.

### d.     Objection 5

Brayboy objects to Judge Sitarski's purported characterization of Brayboy's filing of "a second and successive [sic] habeus [sic] corpus filed to the wrong court . . . with [Judge] Sitarski as the Respondent" as an "amended complaint." (Doc. No. 83 at 2.) Nowhere in the R&R does Judge Sitarski describe any of Brayboy's filings as an "amended complaint," and Judge Sitarski accurately described Brayboy's "identical amended habeas petitions" that he filed on November 19, 2023 in the R&R. This objection is overruled.

### e.     Objection 6

Brayboy objects to Judge Sitarski's conclusion that his claim for relief in his amended petition based on undue delay caused by Judge Sitarski is untimely. (Doc. No. 83 at 3.) Brayboy

14

argues that his "Motion for Want or Lack of Subject Matter Jurisdiction" filed before the Pennsylvania Superior Court should satisfy the timeliness requirement for all of his claims for habeas relief. (*Id.*)

The Court finds that Brayboy timely filed his amended habeas petition within AEDPA's one-year limitation period. The applicable starting point for AEDPA's one-year statute of limitations is "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such," which, as noted above, is July 14, 2023—30 days after the Superior Court issued an order dismissing Brayboy's appeal. *See* 28 U.S.C. § 2244(d)(1)(A); Pa. R. App. P. 1113(a). Brayboy thus had until July 14, 2024 to timely file a federal habeas petition, and he filed his identical amended habeas petitions on November 19, 2023. (Doc. Nos. 23, 26.) Therefore, the Court does not adopt Judge Sitarski's finding that Brayboy's claim for relief based on Judge Sitarski's undue delay raised in his amended petition is untimely.

Nevertheless, the Court finds that both of Brayboy's claims for relief raised in his amended habeas petition fail. First, Brayboy's claim that Judge Sitarski violated his due process rights by unduly delaying the resolution of his initial habeas petition is not a basis for federal habeas corpus relief. Though couched as a due process violation, Brayboy's claim that Judge Sitarski caused undue delay by granting an extension to the Commonwealth to respond to his initial petition and failing to timely rule on his motions for summary judgment and judgment of acquittal is *not* a constitutional claim challenging Brayboy's state conviction or sentence. *See* 28 U.S.C. § 2254(a) ("[A] district court shall entertain an application for a writ of habeas corpus [o]n behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.");

15

*Swarthout v. Cooke*, 562 U.S. 216, 219 (2011) (per curiam) ("[T]he habeas statute 'unambiguously provides that a federal court may issue a writ of habeas corpus to a state prisoner only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.'" (quoting *Wilson v. Corcoran*, 562 U.S. 1, 5 (2010) (per curiam))). Accordingly, the Court denies Brayboy's petition on this ground. *See Muhammad El Ali v. Vitti*, 218 F. App'x 161, 163 (3d Cir. 2007) (affirming dismissal of frivolous habeas petition that asserted foreclosure and fraud claims because those matters "did not come under the purview of any habeas corpus statute"); *Nash v. Dist. Atty. of Cnty. of Norristown*, No. 08-cv-1045, 2008 WL 659796, at *2 (E.D. Pa. Mar. 10, 2008) (a habeas petition is legally frivolous if the claims are "based on an indisputably meritless legal theory" or when it posits "factual contentions that are clearly baseless").

Second, Brayboy's claim that his jury was biased because it included a relative of the police officer who arrested Brayboy is not exhausted and procedurally defaulted. This claim was not "fairly presented" to the state court because the Superior Court dismissed Brayboy's direct appeal after Brayboy failed to file an appellate brief and Brayboy never filed a PCRA petition. *Rose*, 455 U.S. at 515. And Brayboy is now time-barred from raising this claim in a PCRA petition, as the PCRA's one-year statute of limitations has expired. *See* 42 Pa. Cons. Stat. § 9545(b)(1); Pa. R. App. P. 1113(a); *Keller*, 251 F.3d at 413. Brayboy has not alleged any good cause for and actual prejudice arising from his failure to raise this claim in state court, or any miscarriage of justice that could potentially excuse the procedural default. S*ee Coleman*, 501 U.S. at 750. The Court thus denies Brayboy's petition on this ground.

    f.  **Objection 7**

Brayboy objects to Judge Sitarski's recommendation that the Court deny Brayboy's motions for summary judgment, for acquittal, and to amend findings, arguing that Judge Sitarski

"should have ruled on the motion[s] required by the rules of procedure, . . . which was a violation of my procedural due process." (Doc. No. 83 at 3.) This objection is merely a restatement of one of Brayboy's claims for relief raised in his amended habeas petition, which the Court addressed above. Accordingly, the Court does not address this objection, and this objection is overruled. *See, e.g.*, *Prout*, 2016 WL 1720414, at *11 (overruling objections that simply "restate conclusory statements from the original petition"); *Becker v. Tennis*, No. 08-cv-05274, 2011 WL 2550544, at *1 n.3 (E.D. Pa. June 23, 2011) (declining to address petitioner's objections that "are nothing more than a restatement of the underlying claims contained in his petition"); *Nghiem v. Kerestes*, No. 08-cv-4224, 2009 WL 960046, at *1 n.1 (E.D. Pa. Apr. 3, 2009) (declining to review petitioner's objections, which "merely re-articulate[] all his claims and theories for relief, which were addressed and dismissed by [the magistrate judge]," because additional review would be "duplicative").

  **B. Brayboy's Claims for Relief Not Addressed in R&R**

  The Court identifies three claims for relief raised in Brayboy's habeas petition that Judge Sitarski did not address. In resolving Brayboy's objections to Judge Sitarski's recommendations above, the Court addressed two of these claims—the state court's lack of jurisdiction and jury bias. The Court now addresses the remaining claim that standby counsel was ineffective for "deceiv[ing]" Brayboy "as to the requirement of [72 Pa. C.S. § 3802] that lacked a 'blood alcohol concentration test,' which is required." (*See* Doc. No. 1 at 5.) This claim fails as a basis for habeas relief because Brayboy cannot bring an ineffective assistance of counsel claim against standby counsel, since he had no constitutional right to standby counsel. *See United States v. Hoffman*, Nos. 21-2178 & 22-2103, 2023 WL 1775654, at *2 n.2 (3d Cir. Feb. 6, 2023) ("Nothing herein, however, should be construed as . . . opining that an ineffective assistance of counsel claim can be brought against standby counsel."); *United States v. Tilley*, 326 F. App'x

17

96, 96–97 (3d Cir. 2009) (holding that pro s*e* defendant "had no constitutional right to standby counsel" and rejecting defendant's claim of ineffective assistance of counsel rendered by standby counsel).

Even if this were a cognizable habeas claim, the claim still fails because, like Brayboy's other claims for relief, it is not exhausted and procedurally defaulted. Since the Superior Court dismissed Brayboy's direct appeal after Brayboy failed to file an appellate brief and Brayboy never filed a PCRA petition, this claim was never "fairly presented" to the state court. *Rose*, 455 U.S. at 515. And Brayboy is now time-barred from raising this claim in a PCRA petition because the PCRA's one-year statute of limitations has expired. *See* 42 Pa. Cons. Stat. § 9545(b)(1); Pa. R. App. P. 1113(a); *Keller*, 251 F.3d at 413. Brayboy has not alleged any good cause for or actual prejudice arising from his failure to raise this claim in state court, or any miscarriage of justice that could potentially excuse the procedural default. S*ee Coleman*, 501 U.S. at 750. Accordingly, the Court denies Brayboy's petition on the ground that his standby counsel provided ineffective assistance.

### C.     **Brayboy's Request for Default Judgment**

After Judge Sitarski entered her R&R, Brayboy filed a request for default judgment on his habeas petition and motion for summary judgment. (Doc. No. 89.) Because the Court denies Brayboy's petition and motion for summary judgment, the Court denies this request for default judgment as moot.

### D.     **Brayboy's Motion for Relief from R&R**

Most recently, Brayboy filed a motion for relief from Judge Sitarski's R&R pursuant to Federal Rule of Civil Procedure 60(b). (Doc. No. 93.) Because the Court adopts the R&R, subject to the above modifications, the Court denies this motion as moot.

## IV. CONCLUSION

For the reasons discussed above, Brayboy's objections to Judge Sitarki's R&R are overruled, and the Court adopts the R&R, subject to the above modifications. The Court denies Brayboy's petition; his motions for summary judgment, for acquittal, to amend findings, and for relief from the R&R; and his request for default judgment.

An appropriate Order follows.